UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES GANSZ,

          Petitioner,          Case Number: 01-10387-BC
                                             Honorable David M. Lawson

v.

KURT JONES,

          Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY AND DISMISSING MOTION FOR EXTENSION OF TIME AS MOOT

This Court has denied James Gansz's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. He has now filed a motion for a certificate of appealability and a motion for extension of time to file a notice of appeal.

I.

As a preliminary matter, the Court notes that the motion for extension of time is unnecessary because the notice of appeal was timely filed. It appears that the petitioner's counsel filed a notice of appeal on the petitioner's behalf in Ann Arbor on March 29, 2006. Thus, the petitioner's motion for extension of time to file a notice of appeal is moot.

II.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a

petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The petitioner advances three grounds for relief in his motion for a certificate of appealability: 1) the petitioner was deprived of due process when the police failed to disclose to defense counsel statements the petitioner made to police; 2) evidence presented at trial was insufficient to support a conviction for kidnapping and one of the criminal sexual conduct counts; and 3) counsel was ineffective for failing to prepare for the prosecution's expert witness.

A.

The petitioner first claims that he was deprived of due process when the prosecutor failed to disclose to the defense the petitioner's four-page police statement until after the petitioner testified on direct examination. The Court rejected this ground for relief because the petitioner presumably knew of the statements he himself made to the police and could have shared that information with defense counsel. *Cf. Hicks v. Collins*, 384 F.3d 204, 220-21 (6th Cir. 2004) (finding no violation of the due process right enunciated in *Brady v. Maryland*, 373 U.S. 83 (1963), where inculpatory statements the petitioner made to police were not disclosed prior to trial). The Court further noted that the petitioner was also impeached by statements he wrote in a number of letters to the victim, of which defense counsel was aware when the petitioner chose to testify in his own defense. The petitioner has not made a substantial showing of the denial of a constitutional right concerning this claim and he has not satisfied the standard for issuance of a certificate of appealability.

B.

The petitioner next claims that he is entitled to a certificate of appealability because the evidence was insufficient to sustain his convictions for kidnapping and one count of first-degree criminal sexual conduct (vaginal intercourse). The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 324 n.16.

The state court of appeals concluded that there was sufficient proof of guilt of each of the elements of kidnapping and first-degree criminal sexual conduct. The state court examined the totality of the circumstances, noting that the police arrived at the house to find the petitioner restraining the victim, the petitioner had hidden the victim's upstairs telephone and would not allow her to answer or return phone calls from the victim's ex-husband or the police, and when the petitioner left for a short time, the victim did not try to run away because she thought that he would return before she could escape. The state court applied the rule in *Jackson* and concluded that:

> Viewing this evidence in the light most favorable to the prosecutor, a rational trier of fact could have concluded, beyond a reasonable doubt, that the victim in this case was (contrary to defendant's argument) not free to leave, was unable to effectively communicate her predicament to others, and was therefore kidnapped.

*People v. Gansz*, No. 216174, 2000 WL 33395247, at *2 (Mich. Ct. App. Dec. 12, 2000). Similarly, with regard to the criminal sexual conduct conviction, the state court observed that the victim testified that she was physically and sexually assaulted during the three days she was held captive. The victim's statement that she "more or less gave in" because she had been unsuccessful in fighting

-3-

the petitioner off in the past was not, as the petitioner claimed, an unequivocal indication of consent. The state court concluded that

> [W]hen viewing the evidence as a whole in the light most favorable to the prosecution, it is clear that the prosecutor presented sufficient evidence from which a rational trier of fact could have concluded, beyond a reasonable doubt, that the victim did not in fact consent to having sexual intercourse with defendant.

*People v. Gansz*, 2000 WL 33395247, at *3. The state court properly applied the *Jackson* standard to the facts of the petitioner's case. The Court found that this resolution of the petitioner's claims was neither contrary to nor or an unreasonable application of clearly established federal law. The Court concludes that reasonable jurists would not disagree with the Court's resolution of these issues, nor do these issues deserve encouragement to proceed further.

C.

Finally, the petitioner contends that he is entitled to a writ of habeas corpus because his attorney was ineffective in failing adequately to investigate and prepare for the testimony of an expert witness on "Battered Woman Syndrome."

The state court applied the proper standard, finding that even if counsel's performance had been deficient, the petitioner had not established prejudice as a result of counsel's mistake. The state court noted that the expert's testimony pertained to Battered Woman Syndrome in general and that the expert never evaluated the victim personally. Defense counsel also effectively cross-examined the expert, eliciting testimony from her that different people may react to a situation differently and that everyone has free will. Finally, the state court noted that the petitioner had offered nothing to show what expert testimony counsel could have presented at trial or how counsel could have more effectively cross-examined the witness had he prepared for the testimony.

The Court found that the state court's resolution of the issue was not contrary to or an unreasonable application of Supreme Court precedent. After a careful review of defense counsel's cross-examination of the expert, the Court found that the state court's application of the prejudice prong of the test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), was reasonable. The Court thus holds that the petitioner has not made a substantial showing of the denial of a constitutional right concerning these claims and he has not satisfied the standard for issuance of a certificate of appealability.

III.

Accordingly, it is **ORDERED** that the application for a certificate of appealability [dkt #16] is **DENIED** with respect to the petitioner's claims.

It is further **ORDERED** that the motion for extension of time to file notice of appeal [dkt #14] is **DISMISSED** as moot.

> s/David M. Lawson
> DAVID M. LAWSON
> United States District Judge

Dated: May 2, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 2, 2006.

> s/Tracy A. Jacobs
> TRACY A. JACOBS